# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1181
Lower Tribunal No. 23-22020-CA-01
_____

**Dilia Palma,**
Petitioner,

vs.

**Alfredo Rivera Alamilla,**
Respondent.

On Petition of Writ of Certiorari from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

J.G Remus Consulting Law Firm, P.L.L.C., and Jeremy George Remus (Jacksonville), for petitioner.

Nicklaus & Associates, P.A., and Edward R. Nicklaus and Mark A. Stuart; Campbell Conroy & O'Neil, and P. Brandon Perkins (Fort Lauderdale), for respondent.

Before LOGUE, LINDSEY, and BOKOR, JJ.

PER CURIAM.

We treat petitioner Dilia Palma's petition for writ of certiorari as an interlocutory appeal[1] of the trial court's May 21, 2025 nonfinal order that denied Palma's motion to disqualify respondent Alfredo Rivera Alamilla's trial counsel.[2]  We affirm the challenged order because the trial court did not abuse its discretion in denying Palma's disqualification motion.  See Cordero v. Cordero, 368 So. 3d 1065, 1068 (Fla. 3d DCA 2023) ("The Court's standard of review for orders entered on motions to disqualify counsel is that of an abuse of discretion. We note, however, that disqualification of a party's lawyer in a civil case is a drastic remedy, which must be employed only in limited circumstances." (citation modified)).

Petition treated as interlocutory appeal and challenged order affirmed.

---

[1] See Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought; provided that it will not be the responsibility of the court to seek the proper remedy.").

[2] See Fla. R. App. P. 9.130(a)(3) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . (E) grant or deny a motion to disqualify trial counsel[.]").